Kadria v. Holder

BIA
A078 280 103

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of July, two thousand thirteen.

PRESENT:
>         RICHARD C. WESLEY,
>         DENNY CHIN,
>         RAYMOND J. LOHIER, JR.,
>             *Circuit Judges*.

_____

LAHIM KADRIA,
>         *Petitioner*,

>         v.                                          12-1882
>                                                     NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>         *Respondent*.

_____

FOR PETITIONER:          Michael P. DiRaimondo, Marialaina L. Masi, Stacy A. Huber, DiRaimondo & Masi, LLP, Melville, N.Y.

FOR RESPONDENT:          Stuart F. Delery, Principal Deputy Assistant Attorney General; Terri J.

**Scadron, Assistant Director;**
**Genevieve Holm, Trial Attorney,**
**Office of Immigration Litigation,**
**United States Department of Justice,**
**Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lahim Kadria, a native and citizen of Albania, seeks review of the May 3, 2012, order of the BIA denying his second motion to reopen his removal proceedings. *In re Lahim Kadria*, No. A078 280 103 (B.I.A. May 3, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case. We review the BIA's denial of Kadria's motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).

The BIA did not abuse its discretion in denying Kadria's 2011 motion to reopen as untimely and number-barred, as he filed it more than eight years after the BIA's order upholding an immigration judge's underlying merits decision, and had previously filed a motion to reopen. 8 U.S.C. § 1229a(c)(7)(A), (C)(i) (providing that only one motion to reopen may be filed within 90 days of the final

2

administrative decision); 8 C.F.R. § 1003.2(c)(2) (same). Although these time and number restrictions do not apply to a motion to reopen seeking to apply for asylum "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing," 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii), substantial evidence supports the BIA's finding that Kadria did not demonstrate a change in conditions in Albania.

The evidence submitted indicated a continuation, from the time of Kadria's initial application to the time of his motion to reopen, of sporadic political violence and divisiveness between the Socialist Party and the Democratic Party. It also reflected the inclusion of the Democratic Party in the coalition government, a decrease in the amount of politically motivated detentions, and a marked progress towards greater democratization. Because the evidence did not document any current harm to Democratic Party supporters, let alone an increase in such harm since the time of Kadria's hearing in 2001, the BIA reasonably

3

concluded that Kadria had not demonstrated a material change in conditions. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (holding that when the agency explicitly considers relevant evidence of country conditions in evaluating a motion to reopen, this Court reviews the agency's factual findings under the substantial evidence standard); *see also Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."). Moreover, because there is no indication that the BIA failed to consider any evidence, Kadria failed to demonstrate a due process violation. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n.17 (2d Cir. 2006) ("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise."); *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104-05 (2d Cir. 2006) (noting due process requires that an applicant receive "a full and fair opportunity to present [his] claims" (quoting Xiao Ji Chen, 434 F.3d at 155)).

4

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk